UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC LYNCH,

                            Plaintiff,

v.                                                      6:24-CV-1538
                                                       (GTS/MJK)

JOHN H. CRANDALL, County Court Judge;
AMY C. ROSATO, Official Court Reporter;
LISA EVANS, Sr. Court Reporter;
ROBERT FULLER, Court Clerk;
THERESE SOULES, Court Clerk;
CARA JOHNSON, Court Clerk;
SHARON M. BARNES, Court Clerk;
CHRISTINE BROWN, Commiss. of Jurors;
LORRAINE H. LEWANDROWSKI,
Herkimer Cty. Atty.;
PATRICK E. RUSSELL, Law Clerk in Cty. Atty's Office;
KAREN A. MOWERS, Former Herkimer Cty. Atty.;
SYLVIA M. ROWAN, Herkimer County Clerk;
HERKIMER COUNTY MULTI-BENCH COURTS;
and COUNTY OF HERKIMER,

                            Defendants.
_____

APPEARANCES:

ERIC LYNCH, 18-B-0755
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Eric Lynch

("Plaintiff") against Herkimer County, Judge John H. Crandall, Clerk of Court Sylvia M. Rowan,

Herkimer County Multi-Bench Courts ("HCMBC") and ten individuals employed by HCMBC ("Defendants") asserting claims of false arrest and prosecution, are United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with prejudice and without prior leave to amend.  Plaintiff did not file an objection to the Report-Recommendation and the time in which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein with one modification.

Although the Report-Recommendation recommends that certain claims in the Complaint (specifically, Plaintiff's claims against Defendants Judge John H. Crandall, Herkimer County Clerk Sylvia M. Rowan, Court Clerk Robert Fuller, Court Clerk Therese Soules, Court Clerk Cara Johnson, Court Clerk Sharon M. Barnes, Commissioner of Jurors Christine Brown, and Herkimer County Multi-Bench Court) be dismissed with prejudice based on the doctrine of sovereign immunity under the Eleventh Amendment, the Court finds that the more prudent

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

course, under the circumstances, would be to dismiss those claims without prejudice. *See Mulhern Gas Co., Inc. v. Rodriguez*, 23-CV-1267, 2024 WL 3992588, at *8 (N.D.N.Y. Aug. 29, 2024) (Suddaby, J.) ("In light of this significant uncertainty [regarding whether a dismissal pursuant to the Eleventh Amendment is jurisdictional or merely an affirmative defense] ..., the Court finds that the most appropriate course is to dismiss the claims against Defendant New York Department of State, Defendant Code Council, and the various individual defendant members of the Code Council in their official capacities only without prejudice."); *Van De Bovenkamp v. Neb. Dep't of Roads*, 11-CIV-6881, 2012 WL 13389071, at *1 (S.D.N.Y. March 16, 2012) ("Given the uncertainty in the case law and the recent cases where the Second Circuit has affirmed an Eleventh Amendment dismissal on the basis of subject matter jurisdiction, the Court will dismiss this action without prejudice.").

Generally, a dismissal for lack of subject-matter jurisdiction must be without prejudice.[2] Granted, it appears to still remain an "open question" in the Supreme Court and the Second Circuit whether a dismissal for sovereign immunity is for one failure to state a claim (under Fed. R. Civ. P. 12[b][6]) and one for lack of subject-matter jurisdiction (under Fed. R. Civ. P.

---

      2      *See, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."); *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss [the] case with prejudice.... As a result, where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice.") (internal quotation marks and citation omitted).

12[b][1]).³ However, the Second Circuit has routinely affirmed such dismissals based on a lack of subject-matter jurisdiction.⁴ Furthermore, usually, when the nature of such dismissals have been clear, they have been without prejudice.⁵

---

³ *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (leaving open the question of whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n.1 (2d Cir. 2020) ("Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or this Court."), accord *Allco Fin. Ltd. v. Roisman*, No. 22-2762, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023); *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) ("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit."); *cf. Weaver v. N.Y.S. Unified Ct. Sys.*, 23-CV-1518, 2024 WL 3066906, at *6 (N.D.N.Y. June 20, 2024) (Suddaby, J.) (speculating that "it appears to be a factually specific inquiry (if not an open question) whether a dismissal based on sovereign immunity is one based on a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or one based on a failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

⁴ *See, e.g., Kelly v. N.Y.S. Unified Court Sys.*, No. 21-1633, 2022 WL 1210665, at *1-2 (2d Cir. Apr. 25, 2022) (affirming district court's granting of motion to dismiss pro se plaintiff's complaint against state court system based on sovereign immunity under Fed. R. Civ. P. 12[b][1]); *Mamot v. Board of Regents*, 367 F. App'x 191, 192-93 (2d Cir. 2010) ("As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment, and the district court lacked subject matter jurisdiction over Mamot's claims.... Accordingly, the district court properly granted defendants' motion to dismiss, and we affirm the judgment for the reasons articulated in this order."); *Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008) ("[W]e find that the District Court properly concluded that it lacked subject matter jurisdiction because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment."); *McGinty v. New York*, 251 F.3d 84, 101 (2d Cir. 2001) ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity."); *Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996) ("[T]he district court properly dismissed Dorking's claim against the United States for lack of subject matter jurisdiction.").

⁵ *See, e.g., Salis v. Dopico*, No. 24-1066, 2025 WL 880407, at *1-2 (2d Cir. March 21, 2025) (affirming district court's granting of motion to dismiss "without prejudice" pro se plaintiff's amended complaint against state officials acting in their official capacities based on sovereign immunity under Fed. R. Civ. P. 12[b][1]); *Dingle v. U.S. Dep't of Educ.*, No. 23-1003, 2025 WL 783732, at *1-2 (2d Cir. March 12, 2025) (affirming district court's granting of motion

Indeed, perhaps most importantly, the Second Circuit (in a Summary Order) recently reversed a dismissal with prejudice based on the doctrine of sovereign immunity, because such a dismissal should have been without prejudice. *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice."). Such a dismissal without prejudice offers the added benefit of effectively giving this pro se Plaintiff an opportunity to identify the individual(s) whom he may correctly sue in the proper capacity and/or for the proper relief (albeit in a separate proceeding, because the Court lacks subject-matter jurisdiction over any complaint that may be amended in this proceeding).

Finally, the Court agrees with Magistrate Judge Katz that Plaintiff's remaining claims should be dismissed with prejudice because (despite Plaintiff's 10-page, typed, single-spaced Complaint) the pleading defects in those claims are so numerous and substantive (including prosecutorial immunity, qualified immunity, lack of municipal liability, and untimeliness) that they may not be cured through amendment. (Dkt. No. 12, at 13-14.)

**ACCORDINGLY, it is**

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 12) is **ACCEPTED and ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** with **prejudice** and **without prior leave to amend EXCEPT** for Plaintiff's claims against

---

to dismiss pro se plaintiff's amended complaint "without prejudice" against federal department based on sovereign immunity under Fed. R. Civ. P. 12[b][1]).

Defendants Judge John H. Crandall, Herkimer County Clerk Sylvia M. Rowan, Court Clerk Robert Fuller, Court Clerk Therese Soules, Court Clerk Cara Johnson, Court Clerk Sharon M. Barnes, Commissioner of Jurors Christine Brown, and Herkimer County Multi-Bench Court**, which are DISMISSED without prejudice** and **without prior leave to amend**.

Dated: May 12, 2025
      Syracuse, New York

                                              Glenn T. Suddaby
                                              U.S. District Judge